William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ESTHEFANY HEREDIA, ESLAINI FERNANDEZ,  :
and ESTELA TAVERAS,  :   ECF
Individually and on Behalf of All Other  :   17 Civ. _____
Persons Similarly Situated,  :
 :
      Plaintiffs,  :
 :   **COMPLAINT AND**
 -against-  :   **JURY DEMAND**
 :
AMERICARE, INC., MARTIN KLEINMAN and  :
JOHN DOES #1-10,  :
 :
      Defendants.  :

---------------------------------------------------------------------X

   Plaintiffs ESTHEFANY HEREDIA, ESLAINI FERNANDEZ, ESTELA TAVERAS

("Plaintiffs"), on behalf of themselves individually and as class representatives of other

employees similarly situated, by and through their attorney, complain and allege for their

complaint against, AMERICARE, INC., MARTIN KLEINMAN and JOHN DOES #1-10

(together "Defendant" or "Defendants") as follows:

### NATURE OF THE ACTION

   1.  Plaintiffs were home health aides who worked numerous 24 hour shifts for which

they were illegally paid for only 13 of the 24 hours worked, as they did not get meal breaks and

did not get 5 hours of uninterrupted sleep and a full 8 hours of sleep during the 24 hour shifts.

   2.  Plaintiffs worked for Defendants for more than 40 hours per week ("overtime

hours") and, along with numerous other similar home health aides, were not paid time and one

half for their overtime hours.

3.      Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages for hours worked for which they were not paid minimum wages, (ii) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

4.      Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for (a) hours worked for which they did not receive wages including minimum wages and wages required under the Wage Parity Act, (b) overtime hours worked for which they did not receive time and one half the minimum wage or time and one half their actual wages, and (c) spread of hours work performed for which they did not receive an extra hour of pay, as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and are also entitled to damages under the New York Wage Theft Prevention Act because Defendants did not provide proper notices to Plaintiffs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

2

7.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.    Plaintiffs ESTHEFANY HEREDIA, ESLAINI FERNANDEZ, and ESTELA TAVERAS were, at all relevant times, adult individuals, residing in Bronx County in New York State.

9.    Upon information and belief, Defendant Americare, Inc. ("Corporate Defendant") has its principal place of business at 171 Kings Highway, Brooklyn, N.Y. 11223.

10.    Upon information and belief, Defendant MARTIN KLEINMAN is the Chief Executive Officer and owner of Americare, Inc., whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

11.    Upon information and belief, MARTIN KLEINMAN is the President and Chief Executive Officer of AMERICARE, INC., and has held these positions during the last 6 years ("Kleinman time period").

12.    Upon information and belief, during the Kleinman time period, MARTIN KLEINMAN had authority over the Corporate Defendant's management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate Defendants' home health aide employees and other employees and his decisions directly affected the nature and condition of the home health care employees' employment.

13.    Upon information and belief, during the Kleinman time period, MARTIN

KLEINMAN (1) had the power to hire and fire the home health aide employees of the Corporate Defendant, (2) supervised and controlled the home health aide employees' schedules and conditions of employment, (3) determined the rate and method of payment of the home health aide employees, and (4) maintained employment records related to the home health aide employees.

14.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

15.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since August 16, 2011 (time tolled by failure to post notice) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon

information and belief, there are at least 40 members of the Class during the Collective Action

Period, most of whom would not be likely to file individual suits because they lack adequate

financial resources, access to attorneys or knowledge of their claims.

17.     Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in

conflict with those members of this collective action.

18.     A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation make it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them.  There

will be no difficulty in the management of this action as a collective action.

19.     Questions of law and fact common to the members of the collective action

predominate over questions that may affect only individual members because Defendant has

acted on grounds generally applicable to all members. Among the common questions of law and

fact common to Plaintiffs and other Collective Action Members are

     a.   whether the Defendant employed the Collective Action members within the

        meaning of the FLSA;

     b.   whether the Defendant failed to keep true and accurate time records for all

        hours worked by Plaintiff and the Collective Action Members;

     c.   what proof of hours worked is sufficient where the employer fails in its duty

        to maintain time records;

d.   whether Defendant failed to post or keep posted a notice explaining the

minimum wages and overtime pay rights provided by the FLSA in any area

where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.   whether Defendant failed to pay the Collective Action Members minimum

wages and overtime compensation for hours worked in excess of forty hours

per workweek, in violation of the FLSA and the regulations promulgated

thereunder;

f.   whether Defendant's violations of the FLSA are willful as that term is used

within the context of the FLSA;

g.   whether Defendant is liable for all damages claimed hereunder, including but

not limited to compensatory, punitive and statutory damages, interest, costs

and disbursements and attorneys' fees; and

h.   whether Defendant should be enjoined from such violations of the FLSA in

the future.

20.   Plaintiffs know of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules

23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22.   Plaintiffs bring their New York Labor Law claim on behalf of all persons who

were employed by Defendant at any time since August 16, 2011, to the entry of judgment in this

case (the "Class Period"), who were not paid all their straight time wages, minimum wages

(including those required by the NY Health Care Worker Wage Parity Act), spread of hour

wages, and/or overtime wages and/or were not provided the notices required by the Wage

Theft Prevention Act (the "Class").  See <u>Andryeyeva v. New York Health Care, Inc.,</u> 45 Misc.

3d 820, 994 N.Y.s.2d 278 (N.Y. Sup. Kings Co. 2014) (certifying class of home health aides who

were not paid for all of their  24 hour shifts).

23.     The persons in the Class identified above are so numerous that joinder of all

members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the

Defendant, upon information and belief, there at least 40 members of Class during the Class

Period.

24.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy—

particularly in the context of wage and hour litigation where individual plaintiffs lack the

financial resources to vigorously prosecute a lawsuit in federal court against corporate

defendants.

25.     The Defendant has acted or refused to act on grounds generally applicable to the

class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

26.     Plaintiffs are committed to pursuing their action and have retained competent

counsel experienced in employment law and class action litigation.

27.     Plaintiffs have the same interests in this matter as all other members of the class

and Plaintiffs' claims are typical of the Class.

28.     There are questions of law and fact common to the Class which predominate over

any questions solely affecting the individual members of the Class, including but not limited to:

a.   whether the Defendant employed the members of the Class within the meaning of the
New York Labor Law;

b.   whether the Defendant failed to keep true and accurate time records for all hours
worked by Plaintiff and members of the Class;

c.   what proof of hours worked is sufficient where employers fail in their duty to
maintain time records;

d.   whether Defendant failed and/or refused to pay the members of the Class for all hours
worked by them as well as premium pay for hours worked in excess of forty hours per
workweek as well as spread of hours pay for hours worked a spread of more than ten
hours, within the meaning of the New York Labor Law;

e.   whether the Defendant is liable for all damages claimed hereunder, including but not
limited to compensatory, interest, costs and disbursements and attorneys' fees;

f.   whether the Defendant should be enjoined from such violations of the New York
Labor Law in the future; and

## STATEMENT OF FACTS

29.    Plaintiffs were home health aides who were employed by Defendants.

30.    Plaintiff ESTHEFANY HEREDIA was home health aide/maid employed full
time by Defendants from about January 31, 2012 until about July 7, 2017 working in the City of
New York.

31.    Plaintiff ESLAINI FERNANDEZ  was home health aide/maid employed by
Defendants from about July 13, 2010 until the present (the "time period") working in the City of
New York.

32.    Plaintiff ESTELA TAVERAS was home health aide/maid employed full time by

Defendants from about August 25, 2010 until the present working in the City of New York.

33.     Defendants are an employment agency that employs home health aides in New York City.

34.     During the time period, Plaintiffs never worked for Defendants outside of New York City.

35.     During the time period, Plaintiffs were not paid full regular wages for all their hours worked and were not paid overtime wages for all of their hours worked over forty in a workweek ("overtime"), and were not paid an extra hour of pay for their hours worked over a spread of 10 hours per day.

36.     During the time period, Plaintiffs often worked for 24 hours staying overnight at the client's house, and on these days were only paid for 13 hours, despite the fact that their sleep was regularly interrupted generally at least 3-4 times by the client throughout the night which prevented them from getting 5 hours of uninterrupted sleep and/or 8 hours of sleep and despite the fact that Plaintiffs were not given any time off for meal breaks.

37.     During the time period, during a work week, Plaintiffs often worked 3 to 5 twenty-four hour live in shifts and were paid only an hourly rate of between $8 per hour and $12 per hour for only 13 hours of their 24 hours shifts which was below minimum wage when applied to the entire 24 hours worked, and also were not paid any overtime premium pay.

38.     During 2014 and 2015 and 2016, Plaintiffs worked 24 hour live in shifts.

39.     During the time period, Plaintiffs had their own residences, which were not the residence of any client.

40.     During the time period, Plaintiffs signed in and out using timesheets.

41.     During the time period, Plaintiffs did not receive a meal break and generally ate

while working.

42.     During the time period, Plaintiffs were not paid for all their hours worked and were not paid for their hours worked over 40 hours a week ("overtime hours") at time and one half her regular wage rate or time and one half the minimum wage rate.

43.     During the time period, Plaintiffs' job responsibilities as a home health aide/maid included, among others, cleaning the entire house, cooking and doing the laundry.

44.     Plaintiffs were required to prepare three meals a day, breakfast, lunch and dinner.

45.     Plaintiffs were required to prepare whatever foods the customer requested.

46.     Plaintiffs generally were required to make the beds every morning.

47.     Defendants required Plaintiffs to do a number of tasks on a daily basis, including but not limited to: dusting, vacuuming, cleaning the bathroom (including the toilet, tub and shower), mopping the kitchen floors, scrubbing the kitchen counters, cleaning the pots and pans, loading/unloading the dishwasher, and taking out the garbage.

48.     Plaintiffs generally were required to do the laundry every day.

49.     Plaintiffs were also required to clean out the refrigerator and put away the new groceries at least once every week.

50.     Each Plaintiff spent at least 30% of her time directly performing household work, including sweeping and mopping.

51.     During the time period, Defendants hired at least 40 other similar home health aides/maids, who also were not paid their overtime at the full time and one half rate or at the time and one half the minimum wage rate and also worked for clients whose invoices were directly or indirectly paid for by New York Medicaid and also did not receive the minimum wage rate required by the NY Health Care Worker Wage Parity Act.

52.     Throughout the time period, Defendant has likewise employed at least 40 other individuals, like her, in positions as home health aides/maids.

53.     Throughout the time period, such individuals have only been paid for 13 hours of work when they work a 24 hour overnight shift and were not paid for all at their hours worked during 24 hour assignments during which they were not able to get uninterrupted sleep, and have not been paid minimum wages for all hours worked and have not been paid overtime premium wages of one and one half times the minimum wage rate or one and one half times their regular hourly rate for their overtime hours worked.

54.     During the time period, Plaintiffs and similar home health aide/maid employees of Defendant were not specifically notified by Defendants of the regular pay day designated by Defendants, Defendants' name, address and principle place of business and telephone number and their specific rate of pay as required by the New York Wage Theft Prevention Act.

55.     Plaintiffs have not been given any specific notice of this information to sign and have not signed any such notice.  Upon information and belief the other home health aide employees also were not given such notice.

## CLAIM I
## FAIR LABOR STANDARDS ACT

56.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs

and each of the Collective Action Members within the meaning of the FLSA.

59.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

60.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiffs' written consents are attached hereto and incorporated by reference.

61.    At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages and/or overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week.

62.    As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.    As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.    Due to the Defendants' FLSA violations, Plaintiffs and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for

unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## CLAIM II
## NEW YORK LABOR LAW

66.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.     At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68.     Defendants willfully violated Plaintiffs' rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

69.     The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

70.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law §663(1) et seq.

71.     Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

72.     As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

**CLAIM III**
(Breach of Contract –Third Party Beneficiaries of Wage Parity Act Contract
With New York State)

73.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

74.     Upon information and belief, at all times relevant to this complaint, Defendant were required to certify and did certify that they paid Plaintiffs and members of the Class wages as required by NY Health Care Worker Wage Parity Act.

75.     The agreement to pay Plaintiffs and the Class wages as required by the NY Health Care Worker Wage Parity Act was made for the benefit of the Plaintiffs and the Class.

76.     Defendant breached their obligation to pay Plaintiffs and the Class all wages they were due as required by the NY Health Care Worker Wage Parity Act and as result Plaintiffs and members of the Class were injured.

77.     Plaintiffs and the Class, as third party beneficiaries of Defendants' contract with government agencies to pay wages as required by the NY Health Care Worker Wage Parity Act, and as persons protected by the NY Health Care Worker Wage Parity Act, are entitled to relief for the breach of this contractual obligation and the violation of this Act, plus interest.

**CLAIM IV**
(Unjust Enrichment, Defendants' Failure to Pay All Wages Due Including Wages for
Minimum Wages under the NY Health Care Worker Wage Parity Act, and Spread of Hours)

78.     Plaintiffs realleges and incorporate by reference all preceding paragraphs of this Complaint.

79.     Under the common law doctrine of "unjust enrichment" insofar as Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by failing to pay Plaintiffs and the Class: (1) all wages due for work performed; (2) an extra hour

at the minimum wage for working a "spread of hours" in excess of 10 hours or a shift longer than 10 hours; and (3) all minimum wages due under NY Pub. Health§ 3614-c, the New York Health Care Worker Wage Parity Act.

80.     Defendant accepted and received the benefits of the work performed by Plaintiffs and the Class at the expense of Plaintiffs and the Class.  It is inequitable and unjust for Defendants to reap the benefits of Plaintiffs' and the Class' labor, without paying all wages due, which includes but is not limited to all minimum wages due under NY Pub. Health§ 3614-c, the New York Health Care Worker Wage Parity Act, regular hours caring for the clients of Defendants, and failing to pay for required trainings, uniform expenses, and the pay due for spread of hours.

81.     Plaintiffs and the Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

**CLAIM V**
(Violation of Wage Parity Act Minimum Wage Requirement)

82.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

83.     Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Plaintiffs and members of the Class wages as required by NY Health Care Worker Wage Parity Act.

84.     Under the NY Health Care Worker Wage Parity Act Defendants were required to pay Plaintiff and the members of the Class minimum wages under the NY Health Care Worker Wage Parity Act.

85.     Defendants breached their obligations to pay minimum wages as required by the

NY Health Care Worker Wage Parity Act, and as result Plaintiffs and members of the Class were injured.

86.     Plaintiffs and the Class are entitled to recover their unpaid minimum wages, plus interest, as relief for the violation of the NY Health Care Worker Wage Parity Act.

**CLAIM VI**
(Breach of Contract-Wages)

87.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

88.     Plaintiffs and the members of the class entered into contracts with the Defendant under which Plaintiffs and the members of the Class were to provide home health aide and maid services and Defendants were required to pay wages as required by law.

89.     Plaintiffs and the members of the Class fulfilled their obligations under the contracts but Defendants failed to pay wages as required by law.

90.     As a result of Defendants' breach, Plaintiff and the members of the Class are entitled to recover damages, plus interest.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.   An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An order tolling the statute of limitations;

f.   An award of unpaid wages, spread of hours wages, overtime wages and minimum wages due under the FLSA, the New York Labor Law, the New York common law, and/or the NY Health Care Worker Wage Parity Act;

g.   An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay wages, minimum wages, and/or overtime wages pursuant to 29 U.S.C. § 216 and the New York Labor Law and the New York common law and the NY Health Care Worker Wage Parity Act;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable attorney's and expert fees;

j.   Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.


Dated:  New York, New York
       August 16, 2017

LAW OFFICE OF WILLIAM COUDERT RAND


_____

William Coudert Rand, Esq.
*Attorney for Plaintiff*, Individually and on
Behalf of All Persons Similarly Situated
501 Fifth Ave. 15th Floor
New York, New York 10017
Tel: (212) 286-1425
Fax: (646) 688-3078
Email: wcrand@wcrand.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ~~Martin Kleinman~~ ~~Americare, Inc.~~ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Estefany H._  07/10/17  _Estefany Heredia_
Signature                Date   Print Name

8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of,
_Amer;care    Martin Kleinhr_ to pay
me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Eslaini Fernandz_     _7-27-17_   _Eslaini Fernandez_
Signature                         Date    Print Name

8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ┆ _AMERICA REine_    _MARTIN·KLEIN_ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_(signature)_ _____    _8/7/17_    _ESTeLA-TAVERAS_
Signature                 Date      Print Name

8