UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTHEFANY HEREDIA, ESLAINI FERNANDEZ, and ESTELA TAVERAS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>       Plaintiffs,<br><br>  -against-<br><br>AMERICARE, INC., MARTIN KLEINMAN and JOHN DOES #1-10,<br><br>       Defendants. | Civil Action No.: 17-cv-06219 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' AMERICARE, INC.'S AND MARTIN KLEINMAN'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING DECISION ON MOTION TO DISMISS**

                      **PECKAR & ABRAMSON, P.C.**
                       Attorneys for Defendants
                       41 Madison Avenue - 20th Fl.
                       New York, NY 10010
                       P.: 212-382-0909
                       F.: 212-382-3456

<u>On the Brief:</u>
Kevin J. O'Connor
Joseph M. Vento

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

LEGAL ARGUMENT ..............................................................................................................3

    POINT I .........................................................................................................................3

    A PROTECTIVE ORDER SHOULD ISSUE OVER PLAINTIFFS'
    DISCOVERY AND STAYING DISCOVERY UNTIL THE MOTION TO
    DISMISS IS DECIDED................................................................................................3

        A.    The Applicable Standard....................................................................................3

        B.    The Patently Overbroad Discovery Requests Made by Plaintiffs. ....................5

        C.    The Compelling Basis for Staying Class-Wide Discovery at This
            Early Stage. .......................................................................................................7

CONCLUSION.........................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alford v. City of N.Y.*,
   No. 11-cv-0622, 2012 WL 947498 (E.D.N.Y. Mar. 20, 2012) .................................................4

*Brooks v. Macy's, Inc.*,
   No. 10-cv-5304, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010) ...........................................3, 4

*Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*,
   No. 08-cv-2437, 2009 WL 274483 (S.D.N.Y. Feb. 3, 2009) ....................................................4

*Guadalupe v. City of New York*,
   No. 15-cv-0220, 2016 WL 3570545 (S.D.N.Y. June 24, 2016) ...............................................7

*Hong Leong Finance Ltd. v. Pinnacle Performance Ltd.*,
   297 F.R.D. 69 (S.D.N.Y. 2013) ............................................................................................4, 5

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
   No. 09-cv-5874, 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ................................................4

*ITT Corp. v. Travelers Cas. & Sur. Co.*,
   No. 12-cv-38, 2012 WL 2944357 (D. Conn. July 18, 2012) ....................................................4

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013) .....................................................................................................5

*Moran v. Flaherty*,
   No. 92-cv-3200, 1992 WL 276913 (S.D.N.Y. Sept. 25, 1992) ................................................3

*Niv. V. Hilton Hotels Corp.*,
   No. 06-cv-7839, 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007) .................................................4

*Picture Patents, LLC v. Terra Holdings, LLC*,
   No. 07-cv-5465, 2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008) .................................................4

*Sahu v. Union Carbide Corp.*,
   262 F.R.D. 308 (S.D.N.Y. 2009) ..............................................................................................7

*Steuben Foods, Inc. v. Country Gourmet Foods, LLC*,
   No. 08-cv-561, 2009 WL 3191464 (W.D.N.Y. Sept. 30, 2009) ...............................................4

## **OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c) ...................................................................................................................4

Local Civil Rule 33.3..................................................................................................................5

**PRELIMINARY STATEMENT**

Defendants, Americare, Inc. ("Americare") and Martin Kleinman ("Kleinman" and, along with Americare, "Defendants"), submit this memorandum of law in support of their motion for protective order staying discovery by Plaintiffs, Esthefany Heredia ("Heredia"), Eslaini Fernandez ("Fernandez") and Estela Taveras ("Taveras") (collectively, "Plaintiffs"), pending decision on Defendants' motion to dismiss. Since Defendants can establish good cause for their motion for protective order, discovery should be stayed pending decision on Defendants' motion to dismiss.

Plaintiffs, current and former home health aides ("HHAs") of Americare, commenced this action both individually and derivatively on behalf of thousands of former and existing Americare employees, on August 16, 2017 (s*ee* ECF #1), seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Specifically, Plaintiffs allege that Defendants violated the FLSA and NYLL by failing to pay them a minimum wage and overtime for work performed in excess of 40 hours a workweek. Fundamentally, their legal challenge to the manner in which their wages were calculated and paid is wholly dependent on them establishing and proving that they do not fall within an exemption to the overtime laws and minimum wage laws which allowed Americare to pay them on a *per diem* basis for time spent in client's homes on what are termed 24-hour or "live-in" shifts.

This Court granted Defendants leave to bring a motion to dismiss, which motion is being filed contemporaneously with this motion for protective order. As set forth below, given the patently overbroad discovery served by Plaintiffs and strong likelihood that the motion to dismiss will be successful, Defendants can establish "good cause" for a stay of discovery pending decision on the motion to dismiss.

1

## **STATEMENT OF FACTS**

The following facts are derived from Plaintiffs' Complaint ("Cp."), ECF #1:

Plaintiff Esthefany Heredia alleges she worked as a HHA for Americare from January 31, 2012 until about July 7, 2017 (*Cp.*, ¶ 30). Plaintiff Eslaini Fernandez alleges she worked for Americare from July 13, 2010, until the time of the Complaint's filing (August 16, 2017). (*Id*. at ¶ 31). Plaintiff Estela Taveras alleges she worked for Americare from August 25, 2010, until the time of the Complaint's filing. (*Id*. at ¶ 32). Each Plaintiff alleges she was a "live-in" HHA who worked multiple 24-hour shifts during a given workweek. (*Id.*, *passim*).

Plaintiffs claim that, during that time period, they were "not paid full regular wages for all their hours worked and were not paid overtime wages for all of their hours worked over forty in a workweek ('overtime') and were not paid an extra hour of pay for their hours worked over a spread of 10 hours per day." (*Id*. at ¶ 35). According to the Complaint, Plaintiffs "often worked 24 hours" and for those shifts "were only paid for 13 hours," despite the fact that they allegedly did not get at least 5 hours of uninterrupted sleep and were not "given any time off for meal breaks." (*Id*. at ¶ 36). Plaintiffs claim they often worked "3 to 5 twenty-four hour live in shifts and were paid only an hourly rate of between $8 per hour and $12 per hour for only 13 hours of their 24 hours shifts which was below minimum wage when applied to the entire 24 hours worked, and also were not paid any overtime premium pay." (*Id*. at ¶ 37).

Rather vaguely, Plaintiffs aver that they were not paid "for all hours worked and were not paid for their hours worked over 40 hours a week….at time and one half" their regular rates or the minimum wage. (*Id*. at ¶ 42). Plaintiffs further allege that "at least 30%" of their time was spent performing household work." (*Id*. at ¶ 50).

The Complaint asserts six causes of action as follows:

>Count I: willful failure to pay minimum and overtime wages and failure to maintain and keep certain records all in alleged violation of the FLSA;
>
>Count II: willful failure to pay minimum and overtime wages under the NYLL and failure to provide Plaintiffs with proper notices and wage statements in alleged violation of the New York Wage Theft Prevention Act ("WTPA");
>
>Count III: third-party beneficiary breach of contract claim and alleged violation of the New York Health Care Worker Wage Parity Act ("WPA");
>
>Count IV: unjust enrichment;
>
>Count V: alleged violation of the WPA; and
>
>Count VI: breach of contract. (*Id.* at ¶¶ 56-90).

Plaintiffs claim that they adequately represent a class of HHAs employed by Americare since August 16, 2011 (the "Class Period"), that they aver are aggrieved by Defendants' alleged failure to: (1) pay minimum wage; (2) pay a proper overtime wages for hours worked over 40; and (3) pay an extra hour for hours worked over a spread of 10 hours per day, all in alleged violation of the FLSA, the NYLL and the WPA. (*Id.* at ¶¶ 21-28). Plaintiffs also claim that they were not notified of their regular pay day and specific rate of pay as required by the WTPA. (*Id.*)

## LEGAL ARGUMENT

### POINT I

### A PROTECTIVE ORDER SHOULD ISSUE OVER PLAINTIFFS' DISCOVERY AND STAYING DISCOVERY UNTIL THE MOTION TO DISMISS IS DECIDED

**A.  The Applicable Standard.**

A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *See Brooks v. Macy's, Inc.,* No. 10-cv-5304, 2010 WL 5297756, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been

filed." *Moran v. Flaherty*, No. 92-cv-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). However, "upon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). *See Hong Leong Finance Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08-cv-2437, 2009 WL 274483, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009).

In some circumstances, a pending motion to dismiss may constitute "good cause" for a protective order staying discovery. *See Brooks,* 2010 WL 5297756, at *1*; Picture Patents, LLC v. Terra Holdings, LLC*, No. 07-cv-5465, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, No. 11-cv-0622, 2012 WL 947498, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citing omitted). Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks*, 2010 WL 5297756, at *2; *accord, Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1.

In their examination of the "strength of the motion," district courts in this Circuit have often stated that a stay of discovery is appropriate where a motion "do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 12-cv-38, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (quoting *Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); *see also Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, No. 08-cv-561, 2009 WL 3191464, at *3 (W.D.N.Y. Sept. 30, 2009) (same); *Integrated Sys.*, 2009 WL 2777076, at *1 (defendant's motion "appears not to be unfounded in the law") (citation

4

and internal quotation marks omitted); *Niv. V. Hilton Hotels Corp.*, No. 06-cv-7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (same). In *Hong*, the Court recognized that where a motion to dismiss has a "substantial likelihood of success," the standard for a stay is satisfied. 297 F.R.D. at 72.

**B.     The Patently Overbroad Discovery Requests Made by Plaintiffs.**

The discovery served by Plaintiffs in this case is patently overbroad and improper given the likelihood that this case will either end in a full dismissal for Plaintiffs' failure to meet the pleading standards in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013), or, at a minimum, the bulk of the collective and class allegations will be stricken. The decision on the motion to dismiss is needed in order to understand the scope of what will survive, if anything, in the Complaint, and to avoid undue prejudice to Defendants in the interim period.

First, Plaintiffs served interrogatories (*see* Declaration of Kevin J. O'Connor ("O'Connor Decl."), Ex. A), totaling twenty-five (25) which seek information far beyond that which is permitted in this District. Local Civil Rule 33.3 provides as follows:

(a)     Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b)     During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court."

The Interrogatories served by Plaintiffs are in direct violation of this Rule, and purport to require Defendants to, among other things, provide the following extensive information:

- The identification *of each and every employee of Americare* during a six-and-a-half year period, which information is sought only for purposes of drumming up future business by Plaintiffs' counsel and not as part of any viable proposed collective action or class;

- Purport to require Americare to pour through its records and determine which of its employees worked in excess of forty hours a week, and identify them;

- Purport to require Americare to pour through its records and specifically identify anyone who worked hours such that they might be entitled to spread of hours pay;

- Identify all complaints of failure to pay wages;

- Identify all investigations against the company concerning wage complaints;

- Identify various vendors who provided payroll functions for the company; and

- Pour through the records and determine which employees worked more than three live-in shifts in a given period of time. (O'Connor Decl., Ex. A).

Plaintiffs' Demand for Documents is no less burdensome and over the top. (*Id.*, Ex. B). It contains sixty (60) separate demands and arguably seeks every single piece of paper generated by Defendants in a six-year period including, but not limited to, documents which concern the care provided to potentially thousands of elderly and infirm patients whose records are unquestionably confidential and not subject to disclosure. By way of example, the Demands are overbroad and improper for the following reasons:

- The term "Plaintiffs" is expressly defined to include each and every employee or former employee of Americare who could arguably fall within the scope of the proposed collective action/class (*see id.*, at 3), and Plaintiffs demand "[a]ll documents concerning the employment records concerning the Plaintiffs during the Relevant Time Period [defined as "August 6, 2011 to the present"]" (*Id.*, Demand 1);

- Plaintiffs seek "[a]ll documents concerning the revenues of each Defendant" (*Id.*, no. 2);

- Each and every document reflecting the hours worked by each and every Americare employee during a period of over six years (*Id.*, no. 4-6);

6

- "All documents concerning clients whose bills were paid directly or indirectly by New York State Medicaid…" which most certainly would include highly confidential treatment records (*Id.*, No. 13); and

- All documents concerning complaints ***of any kind made to the company*** (*Id.*, No. 19).

Plaintiffs also served a deposition notice purporting to require Defendants to produce one or more designees on fifteen (15) separate topics, most of which are far beyond that which is discoverable at this early stage of a collective/class action. (O'Connor Decl., Ex. C).

Lastly, Plaintiffs served an overbroad Requests for Admission, which purports to require Defendants to do all sorts of work to determine if employees have worked certain hours in certain time-frames, which timeframe exceeds a six-year period. (*Id.*, Ex. D). These RFAs are premature, patently improper under well-established precedents and pose an undue burden on Defendants given the proportionate needs of this case. *See Guadalupe v. City of New York*, No. 15-cv-0220, 2016 WL 3570545, at *3 (S.D.N.Y. June 24, 2016) (noting that a request for admission requiring a party to interpret documents might be improper where the request to interpret documents is highly complex); *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 318 (S.D.N.Y. 2009) (holding that requests for admissions are not meant to shift the discovery burden onto the other party to sift through documents exchanged during discovery) (citing *Milde v. Hous. Auth. of Greenwich*, 2006 U.S. Dist. LEXIS 92258, at *30 (D. Conn. Dec. 20, 2006) ("[A] party cannot put the burden of discovery on the other party by obtaining all factual details by means of requests for admission.")). Indeed, a large number of the RFAs require Defendants, who have yet to answer the complaint, to go back and analyze employee records of thousands of employees and essentially summarize their rates of pay, hours worked, types of shifts worked, etc. (O'Connor Decl., Ex. C, *passim*). The burden of performing this in-depth analysis far

7

outweighs any benefit here, particularly where no class has been certified and given the varying legal principles impacting Plaintiffs' claims.

**C.      The Compelling Basis for Staying Class-Wide Discovery At This Early Stage.**

As set forth in the accompanying motion to dismiss, the playbook for this case is a mirror image of two other prior (failed) attempts by Plaintiffs' counsel to achieve the same objectives, in other cases filed in this District. (See Memorandum of Law in Support of Motion to Dismiss, Point I, incorporated herein by reference). Indeed, no federal court has ever allowed the type of relief sought by Plaintiffs here: a proposed collective and/or class of home health aides seeking to be paid for every hour they have spent in a client's home, on a theory that they were deprived of sleep or meal breaks. (*Id.*)

For all of the reasons set forth in the pending motion to dismiss, Defendants have a strong likelihood of success on their motion to dismiss, and a protective order should therefore issue staying discovery.

## CONCLUSION

Based on the foregoing, discovery of this matter should be stayed pending a determination of Defendants' motion to dismiss the Complaint.

Dated:   December 27, 2017              **PECKAR & ABRAMSON, P.C.**
                                         *Attorneys for Defendants*

                                                 */s/ Kevin J. O'Connor*
                                         By:_____
                                                 KEVIN J. O'CONNOR, ESQ.

8

9