USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-13-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ESTHEFANY HEREDIA, et al.  : 17-cv-6219 (RWL)

               Plaintiffs,  : **ORDER**

    - against -

AMERICARE, INC., et al.

              Defendants.
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    This is a collective wage-and-hour action under the Fair Labor Standards Act. The Court is in receipt of the parties' proposed settlement agreement, which the Court has an obligation to review to make sure it is fair and reasonable. The agreement provides for a total settlement amount of $75,000, of which $48,000 – 64% – is to be paid to plaintiffs' counsel as attorney's fees. According to the agreement, after reduction of fees and costs, plaintiffs will receive approximately 62% of the overtime wages that are in dispute.

    In FLSA cases, "[e]xcept in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (rejecting FLSA settlement for 37% of net settlement fund to be paid to plaintiff's counsel); *see also Lopez v. Poko-St. Ann L.P.*, 176 F. Supp.3d 340, 343 (S.D.N.Y. 2016) (quoting *Run Guo* and rejecting 40% fee); *Zasaro-Garcia v. Sengupta Food Services*, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015 (rejecting 39% fee); *Thornhill v. CVS Pharmacy, Inc.*, 2015 WL 1100135, at *3 (S.D.N.Y. March 20, 2014) (collecting cases rejecting fee awards over one-third of total settlement value).

Plaintiff counsel cites to a Second Circuit decision in which the Court stated "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Luo v. L&S Acupuncture, P.C.*, 649 Fed. App'x 1, 3 (2016) (affirming attorneys' fees of $64,038 where plaintiff received judgment of $4,130.75 after trial in FLSA case).

Plaintiff counsel misapprehends the import of *Luo*. *Luo* addresses the amount of plaintiff attorneys' fees that may be recovered by a plaintiff from a defendant. It does not address at all the financial arrangement between plaintiff's counsel and their client. It is the latter context that the above case law addresses. Perhaps that is why when charged with finding examples where plaintiff counsel received fees of a similar percentage as that sought here, none were identified. Indeed, Plaintiff's counsel seeks almost twice the norm in what is not an extraordinary case.

The Court acknowledges that even $48,000 is less than the lode star amount as calculated by Plaintiff counsel. But that does not justify an imbalance in what counsel receives and what his clients receive.

Accordingly, the Court will not approve the proposed settlement agreement as currently structured. The Court will approve a revised agreement if the amount of attorneys' fees (not including costs) as a percentage of the overall amount paid by defendants is reduced to one-third. The parties shall file any such revised agreement by November 27, 2019.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:       November 13, 2019
             New York, New York

Copies transmitted to all counsel of record.