UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ESTHEFANY HEREDIA, ESLAINI
FERNANDEZ, and ESTELA TAVERAS,
Individually and on Behalf of All Other
Persons Similarly Situated,

                Docket No.: 17-cv-6219 (RWL)

          Plaintiffs,

                **DECLARATION OF MICHELE FALOTICO IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    - against -

AMERICARE, INC., MARTIN
KLEINMAN and JOHN DOES #1-10,

          Defendants.
------------------------------------------------------X

1.    I, Michele Falotico, certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief.

2.    I am the Vice President of Human Resources for defendant Americare, Inc. ("Americare").

3.    I submit this Declaration in further support of Defendants' motion for an Order pursuant to Fed. R. Civ. P. 56(a) granting summary judgment in favor of Defendants and against plaintiffs Esthefany Heredia ("Heredia"), Eslaini Fernandez ("Fernandez") and Estela Taveras ("Taveras")(collectively, "Plaintiffs") on the remaining causes of action, including for: (1) violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); (2) violations of the New York Labor Law §§ 650 *et seq.* ("NYLL"); (3) breach of contract as third party beneficiaries of an alleged Wage Party Act ("WPA") Contract with New York State; (4) Unjust Enrichment; (5) violations of the Wage Parity Act Minimum Wage Requirement; and (6) breach of contract and in opposition to Plaintiffs' Cross-Motion for Summary Judgment.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

4.  A true and accurate copy of Plaintiff Heredia's time records for the periods of March 2016, produced as Americare 1049 is attached hereto as Exhibit 1.

5.  A true and accurate copy of Plaintiff Heredia's pay records for the periods of February 6, 2016 through March 25, 2016, produced as Americare 1076-1077 are attached hereto as Exhibit 2.

6.  A comparison of the records attached to the Rand Declaration as Exhibit A with Exhibits 1 and 2 demonstrates that the shifts which were purportedly not compensated at an overtime rate were attributable to late-reported time from a prior pay period and that Plaintiff Heredia was compensated at the appropriate rate for all hours worked.

7.  A true and accurate copy of Plaintiff Fernandez's time records for the period of April 2016, produced as Americare 1102 is attached hereto as Exhibit 3.

8.  A true and accurate copy of Plaintiff Fernandez's pay records for the period of March 19, 2016 through April 1, 2016, produced as Americare 1161 is attached hereto as Exhibit 4.

9.  A comparison of the records attached to the Rand Declaration as Exhibit B with Exhibits 3 and 4 demonstrates that the shifts which were purportedly not compensated at an overtime rate were attributable to late-reported time from a prior pay period and that Plaintiff Fernandez was compensated at the appropriate rate for all hours worked.

10. A true and accurate copy of Plaintiff Taveras' time records for the period of May 2016, June 2016, December 2016, January 2017, and March 2017, produced as Americare 1253-1254, 1260-1261, and 1263 are attached hereto as Exhibit 5.

11. A true and accurate copy of Plaintiff Taveras' pay records for the periods of April 30, 2016 through June 24, 2016; November 26, 2016 through January 20, 2017; and

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

March 4, 2017 through March 31, 2017, produced as Americare 1305-1308, 1319-1322, and 1325-1326 are attached hereto as Exhibit 6.

12. A comparison of the records attached to the Rand Declaration as Exhibit C with Exhibits 5 and 6 demonstrates that the shifts which were purportedly not compensated at an overtime rate were attributable to late-reported time from a prior pay period and that Plaintiff Taveras was compensated at the appropriate rate for all hours worked.

13. Exhibit E to the Fernandez Affidavit (ECF Doc. No. 143-5) is an internal report that reflects adjustments to billing that had to be made after Fernandez reported interrupted sleep during the period of August 2019 through October 2019.

14. Page 19 of Fernandez Aff. Ex. E demonstrates that Plaintiff Fernandez was paid for these hours on October 25, 2019 (reflecting an additional 52.5 hours paid at her regular rate of pay and an additional 55.75 hours paid at her overtime rate for reported interrupted hours reflected in the report).

15. A true and accurate copy of Plaintiff Fernandez's pay records for the period of October 19, 2019 through November 11, 2019, produced as Americare 5067-5070, is attached hereto as Exhibit 7.

16. A true and accurate copy of Plaintiff Fernandez's duty sheets from July 1, 2019 through December 11, 2019 is attached hereto as Exhibit 8.

17. Exhibit 8 demonstrates that Plaintiff Fernandez did not utilize Codes 55 or 66 during this time period.

18. A true and accurate copy of the breakdown of Plaintiff Fernandez's October 25, 2019 and November 15, 2019 checks, reflecting payment for interrupted sleep between August 17,

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

3

2019 and September 27, 2019 (which includes the documents attached to the Fernandez Affidavit as Exhibit E), is attached hereto as Exhibit 9.

19. A comparison on Exhibits 7, 8, and 9 demonstrates that Plaintiff Fernandez was paid, in her paycheck dated November 15, 2019, for 5.5 hours at her regular rate of pay and 8.25 hours of overtime for interrupted sleep reported between September 21, 2019 and September 27, 2019.

20. When employees, including Plaintiff Fernandez and Plaintiff Taveras reported interrupted sleep, an investigation was performed and, once the interrupted sleep was validated, it was compensated.

21. The payments on Plaintiffs Fernandez and Taveras' January 17, 2020 checks (Exhibit D to the Taveras Affidavit, ECF Doc. No. 149, and Exhibit G to the Fernandez Affidavit, ECF Doc. No. 143-7) reflect compensation paid to Plaintiffs Fernandez and Taveras for their reported and validated interrupted sleep.

22. A true and accurate copy of the breakdown of Plaintiff Fernandez's January 17, 2020 check, reflecting payment for interrupted sleep between September 28, 2019 and December 16, 2019 is attached hereto as Exhibit 10.

23. A comparison of Exhibit 10 and Fernandez Aff. Ex. G demonstrates that Plaintiff was paid the hours reported as interrupted in Exhibit 10.

24. A true and accurate copy of the breakdown of Plaintiff Taveras' January 17, 2020 check, reflecting payment for interrupted sleep between October 6, 2019 and December 26, 2019 is attached hereto as Exhibit 11.

25. A comparison of Exhibit 11 and Taveras Aff. Ex. D demonstrates that Plaintiff was paid the hours reported as interrupted in Exhibit 11.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

26. Accordingly, Plaintiffs were paid for their reported interrupted hours in accordance with Americare's policy.

Dated: April 6, 2020

_____
MICHELE PALOTICO

LAW OFFICES

Peckar &
Abramson
A Professional Corporation