UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ESTHEFANY HEREDIA, ESLAINI : 
FERNANDEZ, and ESTELA TAVERAS, : Docket No.: 17-cv-6219 (RWL)
Individually and on Behalf of All Other :
Persons Similarly Situated, :
:
            Plaintiffs, :
:
    - against - :
:
AMERICARE, INC., MARTIN :
KLEINMAN and JOHN DOES #1-10, :
:
           Defendants. :
-------------------------------------------------------X

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION, RE-ARGUMENT AND/OR
ALTERATION OF ORDER AND JUDGMENT**

---

PECKAR & ABRAMSON, P.C.
*Attorneys for Defendants*
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
Tel: (212) 382-0909

On the Brief:

Kevin J. O'Connor, Esq.
Shannon D. Azzaro, Esq.

4381661_3

i

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

POINT I - PLAINTIFFS FAIL TO MEET THE STANDARD FOR RECONSIDERATION UNDER LOCAL RULE 6.3 OR FRCP 59(e) AND THIS COURT HAS ALREADY THOROUGHLY ADDRESSED, AND REJECTED PLAINTIFFS' ARGUMENTS ................................................................................................................................. 2

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. New York City Dep't of Soc. Servs.*,
    709 F.2d 782 (2d Cir. 1983)...............................................................................................2

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008)............................................................................................................2

*Range Rd. Music, Inc. v. Music Sales Corp.*,
    90 F. Supp. 2d 390 (S.D.N.Y. 2000)................................................................................3, 4

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)..................................................................................................2

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)..............................................................................................2

**Other Authorities**

Fed. R. Civ. P. 59(e) ..................................................................................................................1, 2

Local Civil Rule 6.3........................................................................................................................2

**PRELIMINARY STATEMENT**

Defendants, Americare, Inc. and Martin Kleinman (collectively, "Defendants"), submit this memorandum in opposition to Plaintiffs' motion for reconsideration. Plaintiffs' motion, purportedly brought pursuant to Fed. R. Civ. P. 59(e)[1], asks the Court to reconsider its July 13, 2020 Opinion and Order (Dkt. No. 161) and July 15, 2020 Judgment (Dkt. No. 162) granting Defendants' motion for summary judgment on Plaintiffs' minimum wage and overtime claims for Plaintiffs' "live-in" shifts.

Plaintiffs had the opportunity, through extensive briefing on the motion, to develop their facts sufficient to pursue the claims made in the complaint and to establish an issue of fact for trial on one or more claims. Both sides presented exhaustive documentation in support of their respective motions for summary judgment. This Court properly denied Plaintiffs' motion for summary judgment and granted Defendants' motion for summary judgment. Unhappy with this result, Plaintiffs now seek reconsideration of the very same issues without offering any new factual or legal arguments. This is both procedurally improper and, substantively, a waste of Defendants' resources and the Court's time.

For the reasons argued in the original moving papers and for the additional reasons below, Plaintiffs' Motion for Reconsideration should be denied in its entirety and the Court should award Defendants their attorneys' fees and costs for having to respond to this wholly frivolous application.

---

[1] Plaintiffs purportedly bring this motion for "reconsideration, re-argument and/or alteration of an order".

1

## ARGUMENT

## POINT I

### PLAINTIFFS FAIL TO MEET THE STANDARD FOR RECONSIDERATION UNDER LOCAL RULE 6.3 OR FRCP 59(E) AND THIS COURT HAS ALREADY THOROUGHLY ADDRESSED, AND REJECTED PLAINTIFFS' ARGUMENTS

Local Civil Rule 6.3 provides that a motion for reconsideration shall "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478));*see also Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).[2] If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008)(holding that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Plaintiffs do not meet this strict standard for reconsideration. Indeed, Plaintiffs have not identified any *controlling* decision that the Court has overlooked.

---

[2] Plaintiffs recognize this strict standard in their moving papers; however, they do not cite to any cases to indicate why they should be the exception to this strict rule. They instead simply insist that this Court failed to consider Plaintiffs' deposition testimony, and furnish the same excerpts of testimony that they presented to the Court in Plaintiffs' Opposition Brief. (Dkt. No. 136).

3

There is, quite simply, no proper basis for reconsideration, reargument, or the amendment of the judgment. "That plaintiffs are unhappy with the Court's decision . . . affords no basis to support a motion for reconsideration." *Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (concluding that because plaintiffs' motion largely restates the argument made in their submissions and at oral argument, and which the Court addressed in their order, the Court did not "overlook: arguments but rather rejected them).

Plaintiffs argue that (1) this Court "mistakenly" failed to consider the deposition testimony of Plaintiffs; (2) that Plaintiff Heredia did not produce documents after the end of discovery and shouldn't be penalized; (3) that Plaintiff Fernandez obtained documents from Defendants which Plaintiffs allegedly requested from Defendants and were not produced and therefore their late production should be excused; and (4) that Plaintiffs should have the opportunity to submit official Spanish translations of their declarations and affidavits.

However, this Court considered the deposition testimony of Plaintiffs in making its determination and incorporated this testimony into its analysis. This Court also explicitly stated that "even were the Court to fully consider the declarations and affidavits, the Court's decision on the merits would be the same" (Dkt. No. 161 at p. 9) and that "even if all of that [excluded] evidence were considered, Defendants would still be entitled to summary judgment on Plaintiffs' minimum wage and overtime claims." (*Id*. at p. 16). Plaintiffs' argument regarding Plaintiff Heredia is without support because this Court fully considered the evidence presented with respect to each Plaintiff.

With respect to the notes submitted by Plaintiffs Taveras and Fernandez, the Court stated, "even if the notes were admissible, summary judgment in favor of Defendants would still be warranted" because "Defendants have submitted undisputed proof that Fernandez and Taveras

received payment at the regular rate of pay for the verified additional regular hours they reported, and at the overtime rate for verified overtime hours they reported through December 2019." (*Id*. at p 20). The very documents that Plaintiffs seek to introduce have been found to be nothing more than further proof that Plaintiffs were properly paid. This Court also found that the assertions offered in Plaintiffs' declarations and deposition testimony offered "vague generalities – "numerous," "often," "during," "sometimes" – of the type the Second Circuit has rejected as sufficient to sustain claims for relief " and "absolute statements that they were "never" paid overtime are demonstrably false." (*Id*. at p. 21-22).

Plaintiffs' late request for the opportunity to submit official Spanish translations of their declarations and affidavits likewise is futile. This Court noted that "[e]ven after Defendants identified the defects in the Plaintiffs' statement by arguing to strike them in their April 10, 2020 reply brief to Plaintiffs' opposition, Plaintiffs did not seek to cure the problem.  They made no application to the Court for leave to submit revised or supplemental declarations or any Spanish-language translations reviewed by the Plaintiffs." (*Id.* at p. 9 fn. 3). Even if this Court did permit such a late application, this Court rightly recognized that Plaintiffs' allegations "offer nothing but such "low-octane fuel"" for speculation and that "Plaintiffs' assertions merely invite speculation" and that they lack sufficient detail regarding the length and frequency of their unpaid work. (*Id*.). Accordingly, even having considered all of the evidence Plaintiffs now claim to be improperly overlooked or excluded, the Court's decision would remain the same. Therefore, the Motion for Reconsideration should be denied in its entirety and Defendants should be awarded costs and attorneys' fees for having to respond to this wholly frivolous and improper motion.

4

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for reconsideration, re-argument, and/or alteration of order and judgment with respect to this Court's July 13, 2020 Decision and Order and July 15, 2020 Judgment in its entirety, along with such other and further relief as the Court may deem appropriate.

Dated: New York, New York
      August 10, 2020

                                          PECKAR & ABRAMSON, P.C.

By:  */s/ Kevin J. O'Connor*
       Kevin J. O'Connor
       *Attorneys for Defendants*
       1325 Avenue of the Americas, 10th Fl.
       New York, New York 10019
       Tel. (212) 382-0909