```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ESTHEFANY HEREDIA,                              :
ESLAINI FERNANDEZ, and                          :    17 Civ. 06219 (RWL)
ESTELA TAVERAS,                                 :
Individually and on Behalf of all Other         :
Persons Similarly Situated,                     :    ORDER ON MOTION FOR
                                                :         RECONSIDERATION
                            Plaintiffs,         :
                                                :
          - against -                           :
                                                :
AMERICARE, INC., MARTIN KLEINMAN,               :
And JOHN DOES #1-10,                            :
                                                :
                            Defendants.         :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 13, 2020, the Court granted summary judgment to Defendants in this wage-and-hour our case brought pursuant to the Fair Labor Standards Act, the New York Labor Law, and common law. (Dkt. 161.) Plaintiffs have moved for "reconsideration, re-argument and/or alteration" of the Court's decision pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 164.) The request is DENIED.

As Plaintiffs acknowledge (Dkt. 164 at 2), despite asserting multiple forms of relief such as re-argument and/or alteration, courts deem a Rule 59(e) motion to be one for reconsideration. Reconsideration, however, is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank National Association v. Triaxx Asset Management LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

1

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.* 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Echoing this principle, Southern District of New York Local Rule 6.3 requires a motion for reconsideration to "set[ ] forth concisely the matters of controlling decisions which counsel believes the Court has overlooked."

The Second Circuit has explained that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation and citation omitted). If, however, "the moving party seeks solely to relitgate an issue already decided," the court should deny the motion and adhere to its prior decision. *Shrader*, 70 F.3d at 257; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (holding that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.") (internal quotation and citation omitted).

Plaintiffs' motion for reconsideration comes nowhere close to meeting the strict standard for reconsideration. It cites absolutely no case law at all regarding the merits, let alone a controlling decision overlooked by the Court. (Dkt. 164 at 2-8.) Nor do Plaintiffs bring to the Court's attention any new evidence. (*Id.*) Rather, Plaintiffs advance arguments of the kind strictly outside the realm of reconsideration; namely, rehashing arguments previously made and "relitigat[ing] . . . issue[s] already decided." *Shrader*, 70 F.3d at 257.

The Court will briefly address each of the four purported grounds on which Plaintiffs base their motion.  First, Plaintiffs argue that the Court "mistakenly failed to consider the deposition testimony of the Plaintiffs" wherein each Plaintiff stated that they complained to Defendants that they did not receive sleep or breaks during their 24-hour live-in shifts and yet were not paid more than 13 hours per shift.  Plaintiffs than recite several excerpts of each Plaintiff's deposition.  (Dkt. 164 at 2-7.)  This argument, however, is based on a faulty premise:  the Court considered each Plaintiff's testimony presented in the record – both in deposition testimony and in the Plaintiffs' supporting declarations and affidavits – finding that the testimony was hopelessly vague and general (exactly of the type the Second Circuit has deemed insufficient to sustain workers' claims), and that, in any event, Defendants had submitted undisputed proof that Plaintiffs received the requisite pay.  (*See, e.g.,* Dkt. 161 at 17-22, 25-29.)  In other words, the Court did not fail to consider the excerpted testimony; rather, the Court found it unpersuasive.

Second, Plaintiffs argue that "Plaintiff Heredia did not produce any documents after the end of discovery and should not be penalized for any alleged late production by the other Plaintiffs."  (Dkt. 164 at 8.)  While this argument is not a model of clarity, the Court understands it to be that Plaintiff Heredia was somehow prejudiced because the Court did not consider documents produced by Plaintiffs Fernandez and Taveras after close of discovery.  Again, Plaintiffs make an incorrect assumption and overlook the Court's written opinion.  The Court did not penalize Plaintiff Heredia for the belated document productions of her two co-Plaintiffs.  The late-produced documents relate to the 2019-2020 time period, but Heredia was not even employed by Defendants in 2019 or 2020.  (*See* Dkt. 161 at 19.)  Moreover, the Court found the late-produced records – which

3

primarily are hand-written notes in a foreign language (some sent under cover of fax cover sheets in English) – inadmissible on grounds unrelated to their tardiness, including that no translation (let alone a certified translation) was provided. (Dkt. 161 at 9-16.) Plaintiffs' motion for reconsideration, however, does not challenge the Court's ruling in that regard. Finally, the Court expressly held that even taking into account any late-produced records – including the handwritten notes – the outcome on the merits would be the same. (Dkt. 161 at 20-21.)

Third, Plaintiffs contend that Plaintiff Fernandez's late production of documents should not be held against Plaintiffs because they included records that should have been in Defendants' possession and produced by them. (Dkt. 164 at 8.) Once again, Plaintiffs look past the Court's decision. The late-produced documents consisted primarily of the handwritten notes that were deemed inadmissible for an independent reason having nothing to do with the timing of their production. And, Plaintiffs again ignore the express analysis set forth in the decision, which determined that "even if the notes were admissible, summary judgment in favor of Defendants would be warranted." (Dkt. 161 at 20-21.)

Fourth, Plaintiffs "request the opportunity to submit official Spanish translations of their declarations and affidavits" as "Plaintiffs" (i.e., counsel) "did not realize there was an issue with submitting" them despite their not complying with requirements for assuring that the Spanish declarants/affiants understood what they were signing in English. (Dkt. 164 at 8.) Yet again, the Court made clear that "even were the Court to fully consider the declarations and affidavits, the Court's decision on the merits would be the same" (Dkt. 161 at 9.) The Court's ensuing analysis thus took into account the Plaintiffs' declarations

4

and affidavits, citing them throughout.  Moreover, as explained in the Court's decision, Plaintiffs already had ample opportunity to cure the testimonial defects, but did not seek to cure the problem when they had the opportunity to do so.  (Dkt. 161 at 9 n.3.)

Accordingly, Plaintiffs' motion for reconsideration is denied.  Defendants' motion for attorneys' fees and costs in connection with responding to the motion is also denied.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2020
   New York, New York